**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**OLD WESTERN FURNITURE CORPORATION, Defendant.**

**Civil No. SA–95–CA–632.**

United States District Court, W.D. Texas, San Antonio Division.

April 12, 1996.

Susan B. Biggs, San Antonio, TX, Adela P. Santos, Robert Harwin, EEOC, San Antonio, TX, for Plaintiff.

Michael Lamoine Holland, Raymond Daniel Bissmeyer, Foster Heller & Kilgore, P.C., San Antonio, TX, for Defendant.

### ORDER

SUTTLE, Senior District Judge.

The matter before the Court is the Motion for Medical Exam filed by the Defendant on April 4, 1996.[1] Having reviewed the same and the response filed by Plaintiff on April 9, 1996,[2] the Court concludes that the requested medical exam is not warranted in this case.

Defendant requests this Court to allow Dr. Michael Arambula, a forensic psychiatrist, to conduct a psychiatric examination of Plaintiff "in order to determine Plaintiff's mental status in relation to any emotional pain, suffering, inconvenience, mental anguish, depression, humiliation, loss of confidence and self-esteem which Plaintiff is claiming in this suit...." Defendant contends that this examination is warranted pursuant to Rule 35 of the Federal Rules of Civil Procedure because Plaintiff has placed her mental condition in controversy by seeking damages for, *inter alia*, mental anguish. This allegation, however, has been addressed and rejected very recently by another Texas district court.

In *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204 (N.D.Tex.1996), the defendant, Fulbright & Jaworski (F & J), filed a motion to compel Lahr to undergo a mental examination. F & J argued that Lahr, who alleged sexual discrimination, had placed her mental condition in controversy because, in addition to her sex discrimination claim, she also had brought a pendent state-law claim of intentional infliction of emotional distress. The magistrate judge to whom the motion was referred found that Lahr had placed her mental condition "in controversy" for purposes of Rule 35 by virtue of her claim for intentional infliction of emotional distress. He also found, however, that Lahr's request for compensatory damages provided further support for the conclusion that Lahr had placed her mental condition in controversy. Lahr appealed the magistrate judge's order granting F & J's motion to compel.

On appeal, the district court found that the magistrate judge had not erred in holding that Lahr placed her mental condition in controversy by virtue of her claim for intentional infliction of emotional distress. However, it also addressed the correctness of the magistrate judge's finding that Lahr's request for compensatory damages also provided support for finding that Lahr had put her mental condition in controversy. After reviewing several Title VII cases where similar motions to compel had been denied, the *Lahr* court found that the magistrate judge had erred in finding that Lahr's request for compensatory damages warranted a finding that her mental condition was in controversy, explaining:

In the context of Title VII, a claimant who asserts an "injury" in the form of

1. Docket No. 50.

2. Docket No. 51.

discriminatory treatment or a hostile work environment—both of which are determined objectively—may receive compensation for emotional damages naturally flowing from that injury. A plaintiff who alleges sexual harassment must meet an objective test of harm. That is, Title VII liability attaches when a reasonable person under like circumstances would have found the work environment hostile. *See Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 20–21, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993). Thus a sexual harassment claimant does not, by virtue of the nature of the claim itself, put her emotional state in' controversy. That she alleges damages for emotional distress associated with working in a hostile environment does not of itself warrant a Rule 35(a) examination. Like the personal injury claimant who sues to recover damages for mental anguish associated with an injury, a Title VII claimant may seek compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. *See* 42 U.S.C. § 1981a(b) & (b)(3); *cf. Coates,* 758 S.W.2d at 752; *Bridges v. Eastman Kodak Co.,* 850 F.Supp. 216, 222 (S.D.N.Y. 1994). "Rule [35] was not intended to authorize sweeping probes into a plaintiff's psychological past simply because the plaintiff has been injured and seeks damages for mental anguish as a result of the injury." *Coates,* 758 S.W.2d at 752 (referring to analogous Texas Rules of Civil Procedure). Because this is an assessment of the pain that in reasonable probability results from discrimination, and not that which actually resulted, the defendant in such a suit is not entitled to a compelled mental examination. 164 F.R.D. at 211. This Court finds this reasoning persuasive and will follow it in passing on Defendant's motion.

Accordingly, it is ORDERED that the Defendant's Motion for Medical Exam be, and the same is hereby, DENIED.